### In re INFILTRATOR SYSTEMS, INC., Debtor.

### Bankruptcy No. 98–20488.

United States Bankruptcy Court, D. Connecticut.

Nov. 9, 1999.

---

Barry S. Feigenbaum, Rogin, Nassau, Caplan, et al., Hartford, CT, for debtor.

Carl T. Gulliver, Coan, Lewendon, Royston & Gulliver, LLC, New Haven, CT, for Metroflex, Inc., creditor.

Elizabeth J. Austin, Pullman & Comley LLC, Bridgeport, CT, for Product Claimants' Committee.

*RULING ON MOTION OF METRO-FLEX, INC. TO EXTEND TIME TO FILE PROOF OF CLAIM AND TO ALLOW CLAIM AS TIMELY FILED*

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.

I.

Metroflex, Inc. ("Metroflex"), on August 27, 1999, filed the above-entitled motion in the Chapter 11 case of Infiltrator Systems, Inc. ("the debtor"). The court, on September 28, 1999, held a hearing on the motion, after which the debtor and Metroflex filed their final post-hearing briefs on October

26, 1999.[1] At the hearing, Alan Johnson ("Johnson"), a Metroflex principal, was the sole witness, with the debtor limiting its evidence to several exhibits. The sole issue for resolution is whether Metroflex has, pursuant to the factors pronounced in *Pioneer Investment Services Co. v. Brunswick Associates, Ltd.*, 507 U.S. 380, 113, S.Ct. 1489, 123 L.Ed.2d 74 (1993), established "excusable neglect" as set out in Fed.R.Bankr.P. 9006(b)(1)[2] to permit the filing of an untimely proof of claim.

## II.

The parties do not dispute the following facts.[3] The debtor, on February 6, 1998, filed a voluntary Chapter 11 petition. The filing, in part at least, was caused by the number of product liability claimants who were claiming against the debtor based upon their purchase or use of "Maximizer" storm water management chambers, manufactured by the debtor. On February 19, 1998, the court caused service to be made on over 1,000 entities, whom the debtor listed as contingent creditors in its schedules, of a "Notice of Commencement of Case under Chapter 11 of the Bankruptcy Code, Meeting of Creditors and Fixing of Dates." Along with this form notice was a "Special Notice", attached to this ruling as Exhibit A, directed to product liability claimants to emphasize the bar date established of May 15, 1998 for the filing of proofs of claim.

Johnson, on behalf of Metroflex, readily acknowledged receiving and reading the form notice and the special notice shortly after their mailing. He testified that as he read and understood the notices, they appeared to apply only to persons who then held claims against the debtor. Since the "Maximizer" system, which had been in-

stalled in March 1997 on the Metroflex leased property, was at that time in good working order, Johnson believed Metroflex had no claim and did not file a proof of claim by May 15, 1998. The Maximizer system collapsed on the Metroflex property at the end of May 1999, causing extensive damage. Metroflex thereafter filed the instant motion.

## III.

■ Fed.R.Bankr.P. 3003(c) provides, in pertinent part, that the bankruptcy court "fix and for cause shown may extend the time within which proofs of claim or interests may be filed." In *Pioneer*, the Supreme Court held that an attorney's inadvertent failure to file a proof of claim timely constituted "excusable neglect" within the meaning of Rule 9006(b)(1). The Court stated "we conclude that the determination is at bottom an equitable one, taking into account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489. From the following discussion of the *Pioneer* factors as applied to the facts of this proceeding, the court concludes that Metroflex's motion for an extension of time in which to file its proof of claim has merit and should be granted.

## A.

### *Reason for the Delay*

Although Metroflex acknowledges that it received the notice of the bar date,

---

1. Counsel for the Product Claimants' Committee appeared and argued at the hearing, but did not submit a post-hearing brief.

2. Fed.R.Bankr.P. 9006(b)(1) provides, in relevant part:

   ... when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder

or by order of the court, the court for cause shown may at any time in its discretion ... on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

3. The additional facts included in Section III. D., *infra*, come from the case file.

Johnson testified that he understood it to require filing of a proof of claim only by those users of the Maximizer system who had experienced system failures. The special notice does not indicate the significance of the bar date to potential claimants, simply noting that all users of Maximizer systems were listed as contingent creditors so that they would receive notice of Infiltrator's bankruptcy and the bar date. Nothing in the notice specifically indicates that those whose systems were then functioning needed to take any action to preserve their rights. Johnson's understanding that he did not have a claim against Infiltrator was bolstered by the statement in the special notice that:

> *Certain* users of Maximizer chambers have *experienced* stormwater management *system failures and have made claims* against Infiltrator *based on such failures. If you have a claim arising out of the failure* of a stormwater management system using Maximizer chambers, you must make such a claim on or before the bar date or be barred in making such claim.... Accordingly, you should determine prior to the bar date *whether* you *may* have *such* a claim. (emphasis added).

Johnson, not unreasonably, concluded that he need not file a proof of claim prior to the bar date because, not having experienced a system failure, he did not, in the ordinary sense of the word or as described in the special notice have a "claim" against Infiltrator at that time.

■ Infiltrator argues that Metroflex might have done more, such as contacting Infiltrator's attorney, to ascertain whether it was required to file a proof of claim by the bar date. *Pioneer* does not require the movant to be entirely without fault before a court may find there was excusable neglect. *Pioneer*, 507 U.S. at 392–94, 113 S.Ct. 1489 (" 'excusable neglect' ... is a somewhat 'elastic' concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant .... 'excusable neglect' is understood

to encompass situations in which the failure to comply with a filing deadline is attributable to negligence."). Infiltrator's argument is not persuasive.

## B.

### *Length of Delay and Effect on Judicial Administration*

■ The length of the delay is one of the relevant *Pioneer* factors to be weighed by the court in determining whether there was excusable neglect. It is significant primarily insofar as it may disrupt the judicial administration of the case or show lack of good faith on the part of the movant. Where, as here, the debtor has not yet filed a plan and is still engaged in assessing the validity and amounts of the timely filed claims, the impact upon the administration of the case of allowing Metroflex's claim is not significant. The case has not progressed to the point where otherwise meritorious assertions of excusable neglect should be disallowed as impairing the judicial process. Counsel for the Products Claimants Committee argued at the hearing and Infiltrator likewise argues in its brief that extending the bar date for Metroflex to file a proof of claim on the basis of inadequate language in the special notice may encourage the submission of similar motions by other Maximizer users. That argument cannot cure an otherwise ambiguous notice.

## C.

### *Good Faith of Claimant*

Despite its allegation that Metroflex "waited" to file its proof of claim until well after the bar date had passed, Infiltrator has presented no evidence that the delay was due to a lack of good faith. The actions of Metroflex are consistent with its explanation for not filing a proof of claim prior to the bar date. When its system subsequently collapsed, Metroflex promptly attempted to file a proof of claim.

## D.

### *Danger of Prejudice to the Debtor*

■ "[P]rejudice to the debtor is a more flexible and complex concept than a simple dollar-for-dollar depletion of assets otherwise available for timely filed claims. Were it otherwise, virtually all late filings would be condemned by this factor; they seek to share, with timely filed claims, in the bankrupt's limited resources." *Manousoff v. Macy's Northeast, Inc. (In re R.H. Macy & Co., Inc.)*, 166 B.R. 799, 802 (S.D.N.Y.1994).

Infiltrator argues that, because it has been involved in discovery and negotiations with other claimants during the time since the passage of the bar date, allowance of Metroflex's claim at this time would result in prejudice to the debtor. The court is not persuaded. No plan has yet been confirmed or filed, and the court, on October 7, 1999, granted the debtor's motion to extend the exclusivity periods provided under §§ 1121(b) and (c) of the Bankruptcy Code to December 29, 1999 and February 28, 2000, respectively. In its motion for the extension of the exclusivity periods, Infiltrator noted that it had previously been granted five such extensions and that it had filed its Chapter 11 petition because of "the numerous claims made against the Debtor by purchasers of its Maximizer stormwater chambers and the dispute with the Debtor's liability insurance carrier, The Travelers, to indemnify the Debtor for such claims." Infiltrator's action against The Travelers was removed to the District Court where it is currently pending. By order dated July 8, 1999, the court approved Infiltrator's supplemental notification program setting September 7, 1999 as the "Supplemental Bar Date" for the filing of product liability claims by those not previously notified of Infiltrator's bankruptcy case. On September 15, 1999, the court approved the referral to mediation of the product liability claims filed against Infiltrator prior to the original bar date of May 15, 1998. In light of the purpose of its bankruptcy filing and the number of unresolved matters, the allowance of Metroflex's late claim should not present a significant obstacle to an agreed upon plan.

## IV.

### CONCLUSION

For the foregoing reasons, the court concludes that the motion of Metroflex for an extension of time to file its proof of claim should be, and hereby is, granted. It is

SO ORDERED.

### APPENDIX A

SPECIAL NOTICE to customers of Infiltrator Systems, Inc. who purchased, distributed or installed Maximizer stormwater management chambers or those who own property on which such chambers were installed:

PLEASE TAKE NOTICE that Infiltrator Systems, Inc. ("Infiltrator"), the manufacturer of the Maximizer stormwater management chambers, has filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code for the District of Connecticut. The Bankruptcy Court has set May 15, 1998 as the bar date for all claims to be made against Infiltrator. As a purchaser, distributor or installer of Maximizer chambers or the owner of property on which Maximizer chambers were installed, you have been listed along with all other creditors as a contingent creditor of Infiltrator. This was done so you would get the annexed notice of Infiltrator's bankruptcy case and the bar date set by the court.

Certain users of Maximizer chambers have experienced stormwater management system failures and have made claims against Infiltrator based on such failures. If you have a claim arising out of the failure of a stormwater management system using Maximizer chambers, you must make such a claim on or before the bar

date or be barred in making such claim. If you have a claim you must file the annexed proof of claim form with the Clerk's Office prior to the bar date of May 15, 1998. Accordingly, you should determine prior to the bar date whether you have such a claim.

If you have any questions about this special notice, the official notice you received from the Court, Infiltrator's bankruptcy case or problems experienced with Maximizer chambers, you should contact the undersigned. Additional blank proof of claim forms are also available from the undersigned.

s/ Steven D. Bartelstone, Esq.
s/ Barry S. Feigenbaum, Esq.
ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC
CityPlace I, 22nd Floor
185 Asylum Street
Hartford, CT 06103–3460
Tel. No. (860) 278–7480
Fax No. (860) 278–2179